■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE GORMAN, Appellant. [718 NYS2d 216] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Marlow, J.), both rendered August 1, 1997, convicting him of (1) rape in the first degree (two counts), sodomy in the first degree (four counts), sexual abuse in the first degree (four counts), kidnapping in the second degree, robbery in the first degree, robbery in the second degree (two counts), robbery in the third degree, grand larceny in the fourth degree, assault in the second degree, assault in the third degree, criminal possession of a weapon in the fourth degree, and unlawful imprisonment in the second degree under Indictment No. 1621/97, and (2) bail jumping in the first degree under Indictment No. 2465/97, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion to be relieved of the assignment to prosecute the appeal is granted, Richard L. Herzfeld is relieved as attorney for the defendant, and he is directed to turn over all papers in his possession relating to the appeal from the judgment to new counsel assigned herein; and it is further,

Ordered that Carol Kahn, Esq., 120 E. 37th St., New York, N. Y., 10016 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order, and the appeal is held in abeyance in the interim.

Based upon this Court's independent review of the record on appeal, we conclude that an arguable issue exists as to whether the defendant was denied his right to a speedy trial pursuant to CPL 30.20. Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel on the appeal from the judgments is granted and new appellate counsel is assigned (*see, People v Casiano,* 67 NY2d 906). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.